# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| JORGE CABEZAS, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| *v*. ) | Civil Action No. 7:19-cv-00027 |
| ) | |
| BRAVURA INFORMATION ) | |
| TECHNOLOGY SYSTEMS, INC., et al. ) | |
| ) | |
| *Respondents*. ) | |

## ANSWER OF DEFENDANTS BRAVURA INFORMATION TECHNOLOGY SYSTEMS AND CLAUDINE ADAMS

Defendants Bravura Information Technology Systems, Inc. ("Bravura") and Claudine Adams, under Rule 8(b) of the Federal Rules of Civil Procedure, answer Plaintiff's Complaint as follows:

1. The allegations in Paragraph 1 of the Complaint states only legal conclusions to which no response is required. To the extent a response is required to any allegation in paragraph 1, Defendants deny the same.

2. Defendants deny the allegations in paragraph 2 of the Complaint.

3. Defendants lack sufficient knowledge to fully answer the allegations in Paragraph 3 of the Complaint. Defendants admit only that Plaintiff was employed by Defendants from around January 20, 2017 until February 22, 2018. Defendants deny any remaining allegations in paragraph 3 of the Complaint.

4. Defendants admit the allegations in paragraph 4 of the Complaint.

5. Defendants admit the allegations in paragraph 5 of the Complaint.

6. Paragraph 6 contains only legal conclusions to which no response is required. Defendants Admit only that Defendant Adams is the President and CEO of Defendant Bravura. To the extent a response is required to any allegation in paragraph 6, Defendants deny the same.

7. Paragraph 7 contains only legal conclusions to which no response is required. To the extent a response is required to any allegation in paragraph 7, Defendants deny the same.

8. Defendants admit the allegations in paragraph 8 of the Complaint.

9. Defendants admit the allegations in paragraph 9 of the Complaint.

10. Defendants admit that venue is proper in this District and Division and that a substantial part of the events forming the basis of this suit occurred in this District. Defendants deny the remaining allegations in paragraph 10 of the Complaint.

11. Defendants admit only that Defendant Bravura employed Cabezas from around January 20, 2017 until February 22, 2018. Defendants deny any remaining allegations in paragraph 11.

12. Paragraph 12 contains only legal conclusions to which no response is required. To the extent a response is required to any allegation, Defendants deny the same.

13. Paragraph 13 contains only legal conclusions to which no response is required. To the extent a response is required to any other allegation in paragraph 13, Defendants deny the same.

14. Defendants admit that Defendant Bravura is engaged in commerce and has an annual gross volume of business done that exceeds $500,000. Paragraph 14 contains further legal conclusions to which no response is required. Defendants deny any remaining allegations in paragraph 14.

15. Paragraph 15 contains only legal conclusions to which no response is required. Defendants admit only that Defendant Bravura employed Cabezas from around January 20, 2017

until February 22, 2018. To the extent a response is required to any other allegation in paragraph 15, Defendants deny the same.

16. Defendants admit the allegations in paragraph 16 of the Complaint.

17. Defendants admit only that Defendant Bravura employed Cabezas from around January 20, 2017 until February 22, 2018. Defendants deny any remaining allegations in paragraph 17.

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants admit that some of Plaintiff's managerial duties as a Site Lead included planning employee schedules and preparing weekly reports, but deny that the duties listed in paragraph 20 of the Complaint are exhaustive or reflective of Plaintiff's primary duties as a site lead. Defendants deny all remaining allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants admit the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

25. Defendants admit the allegations in paragraph 25 of the Complaint.

26. Defendants admit that Cabezas generally recorded his hours worked on timesheets. Defendants deny the remaining allegations in paragraph 26 of the Complaint.

27. Defendants deny the allegation in paragraph 27 of the Complaint.

28. Defendants deny the allegation in paragraph 28 of the Complaint.

29. Defendants incorporate their responses to all allegations contained in the foregoing paragraphs as though fully set forth herein.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendants asserts the following defenses and affirmative defenses to Plaintiffs' Complaint and the claims for relief asserted therein:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. At all times during his employment with Bravura, Plaintiff was properly classified as exempt under the FLSA, and he is thus not entitled to overtime compensation.

3. At all times relevant to this action, Defendants engaged in good-faith efforts to comply with the FLSA and to appropriately classify Plaintiff as exempt. Defendants' actions were not willful.

4. Plaintiff's claims for any overtime worked prior to January 20, 2017 are barred by the statute of limitations.

5. If it is proven that Defendants did not comply with the FLSA, Plaintiff is entitled to no more than one-half his regular rate of pay for overtime hours in a workweek because his salary was intended, and did, compensate him for all hours worked, without limitation.

6. If it is proven that Defendants did not comply with the FLSA, Defendants are entitled to set-off against any recovery by Plaintiff (a) any amounts paid them for hours he did not work, and (b) for any compensation or benefits that they would not have received if he had been classified as a "non-exempt" employee within the meaning of the FLSA.

7. Plaintiff's claims are barred, in whole or in part, by the defense of waiver, estoppel, laches, ratification, acquiescence or unclean hands.

8.  Defendants give notice that it intends to rely on any other defenses that may become apparent during discovery in this case, and hereby reserves its right to amend this Answer and/or to assert any such defenses in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, responding to Plaintiff's Prayer for Relief, Defendants Bravura Information Technology Systems, Inc. and Claudine Adams deny that Plaintiff is entitled to any of the relief requested, and prays for judgment against Plaintiffs as follows: (i) dismissal of the Complaint with prejudice; (ii) entry of judgment for Defendants denying all relief requested by Plaintiffs; (iii) award Defendants their reasonable attorneys' fees and costs in defending this matter; and (iv) award of such other and further relief as this Court deems just and equitable.

Dated: March 4, 2019　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　**HOLLAND & KNIGHT LLP**

　　　　　　　　　　　　　　　　　　　　　By: *s/ Charles T. Jeremiah*
　　　　　　　　　　　　　　　　　　　　　　　　Charles T. Jeremiah
　　　　　　　　　　　　　　　　　　　　　　　　charles.jeremiah@hklaw.com
　　　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 00784338
　　　　　　　　　　　　　　　　　　　　　　　　1100 Louisiana Street, Suite 4300
　　　　　　　　　　　　　　　　　　　　　　　　Houston, Texas 77002
　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (713) 821-7000
　　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (713) 821-7001

　　　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of March, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on counsel identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    Douglas B. Welmaker
    Texas State Bar No. 00788641
    MORELAND VERRETT, P.C.
    The Commissioners House at Heritage Square
    2901 Bee Cave Road, Box L
    Austin, TX 78746
    Tel: (512) 782-0567
    Fax: (512) 782-0605

*/s/ Charles T. Jeremiah*
Charles T. Jeremiah