UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JORGE CABEZAS, | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | Case No. 7:19-cv-00027 |
| BRAVURA INFORMATION TECHNOLOGY SYSTEMS, INC., et al. | § § § § § | |
| *Defendant*. | § § | |

**STIPULATED PROTECTIVE ORDER
CONCERNING CONFIDENTIAL INFORMATION**

Having determined that discovery in this case may involve disclosure of personal, confidential, and/or proprietary information that should be kept confidential and not be improperly disclosed, and to allow discovery to proceed without undue delay and avoid disputes regarding the confidential nature of such information,

It is hereby ORDERED that:

1. All Confidential Information, as defined below, produced or exchanged in the course of the above-styled litigation, including documents and/or information produced by any party to any other party, shall be used solely for the purpose of this litigation, the prosecution of claims, and the defense of possible claims (collectively,

this "Matter"), and shall not be disclosed to any person except in accordance with the terms hereof.

2. In this Stipulated Protective Order Concerning Confidential Information (the "Order"), the words set forth below have the following meanings:

a. "Disclose" or "disclosed" or "disclosure" means to reveal, divulge, give, or make available to any person any documents, testimony, information, or other materials, or any part thereof, or any information contained therein.

b. "Person" or "Persons" means any individual or entity.

c. "Use" or "used" means disclosure of documents, testimony, information, or other materials, or any part thereof, or any information contained therein beyond this Matter, the parties, witnesses for the parties, or experts for the parties.

d. "Confidential Information" as used herein, means any information of any type, kind, or character which is designated as "Confidential" by any of the supplying or received parties, whether it be a document, information contained in a document, information revealed during a deposition, information produced in response to a document request, information revealed in an interrogatory answer, or otherwise. In designating information as "Confidential," a party will make such

designation only as to that information that the party in good faith believes contains confidential information.

Nothing shall be regarded as "Confidential" information if it is information that either:

(1)  is in the public domain at the time of disclosure, as evidenced by a written document;

(2)  becomes part of the public domain through no fault of the other party, as evidenced by a written document;

(3)  the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

(4)  the receiving party lawfully receives such information at a later date from a third-party without violation of this Order, any applicable law, or restriction as to disclosure, provided such third-party has the right to make the disclosure to the receiving party.

e.  "Qualified Persons" as used herein means:

(1)  Attorneys for the parties in this Matter and employees of such attorneys, along with any independent litigation support vendors retained by such attorneys;

(2) Actual or potential independent experts or consultants;

(3) The parties named in this Matter, including their employees and counsel;

(4) The Court and its personnel, deponents, and court reporters/videographers; and

(5) If this Court so elects, any other person designated as a Qualified Person by order of this Court, after notice and hearing to all parties.

3. Documents and other discovery produced in this Matter may be designated by any party or parties as "Confidential" information by marking or affixing on each page of such document with a stamp stating "CONFIDENTIAL." In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

4. Information disclosed at a deposition may be designated by any party as "Confidential" information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.

   a. Any party may also designate information disclosed at such deposition as "Confidential" by notifying all of the parties in writing within thirty (30) days (or three (3) business days with respect to any transcript

produced in connection with any injunctive relief sought in this Matter) of receipt of the transcript, of the specific pages and lines of the transcript that should be treated as "Confidential" thereafter.

5. Any person in possession of Confidential Information who receives a subpoena or other process in another action or proceeding seeking production or other disclosure of any Confidential information, must promptly give telephonic and written notice by email to opposing counsel, enclosing a copy of the subpoena or other process. In no event may production or other disclosure be made before the later of (i) ten (10) days following the date on which notice is given, or (ii) the return date of the subpoena, unless otherwise required by applicable law or by court order.

6. All Confidential Information disclosed in this Matter shall be used solely for the purposes of preparation for trial, pretrial proceedings, and trial of this Matter and not in connection with any other litigation or judicial or regulatory proceeding or for any business, commercial, competitive, personal, or other purpose. Any summary, compilation, notes, or copy containing Confidential Information, and any electronic data, electronic image, or database containing Confidential Information shall be subject to the terms of this Order to the same extent as the material or information from which such summary, compilation, notes, copy, electronic data, electronic image, or database is derived.

7. "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Any documents produced in this Matter, regardless of classification, which are provided to Qualified Persons, shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents. All persons receiving Confidential Information under this Order (other than the parties and their respective counsels' offices, the Court and the court reporters) must be provided with a copy of this Order and read and execute the Non-Disclosure Agreement annexed hereto as **Exhibit A.**

8. Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this order. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party. Documents to be inspected shall be treated as "Confidential" during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" by the producing party.

9. Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential" consents to such

disclosure or, if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" information in the examination or cross-examination of any person irrespective of which party produced such information.

10. Nothing in this Order shall limit the right of the parties to use the Confidential Information for pleadings, memoranda, briefs, exhibits, or other documents that may be prepared in connection with this Matter. However, any pleading, memoranda, brief, exhibit, or other document which contains information designated as "Confidential" must be submitted, if at all, under seal and such pleadings may only be revealed to Qualified Persons as described above. If any portion of such filing does not contain Confidential Information, that portion will not be filed under seal to the extent feasible. Before the trial of this Matter, or before any hearing in which Confidential documents may be used or introduced, counsel for the parties shall seek to reach agreement on the handling of Confidential documents at the trial or hearing so as to determine whether there is a good faith basis to preclude the public from accessing the portions of the trial or hearing wherein such documents will be utilized in evidence.

11. Nothing in this Order in any manner defines the scope of the materials to be produced in response to discovery in this Matter.

12. Nothing in this Order shall prevent a party from using or disclosing its own documents (if he or it is the rightful owner and/or is rightfully in possession of such material).

13. Nothing in this Order shall prohibit the reproduction or use of any documents or materials that are not designated as Confidential Information.

14. A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

    a. In the event that any party to this Matter disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies.

    b. If the dispute cannot be resolved, the objecting party may invoke this Order by objecting in writing to the party who has designated the document or information as "Confidential." The objecting party shall be required to move the Court for an order removing the designated status of such information within twenty-one (21) days of receipt of the

written objection, and failure to do so shall constitute a termination of the restricted status of such item.

15. The parties may, by written stipulation signed by all parties, provide for exceptions to this Order, and any party may seek an order of this Court modifying this Order.

16. Notwithstanding anything herein to the contrary, a designation of any Confidential Information by any party in this Matter shall not, as a matter of law or fact, constitute an admission by any party or otherwise be interpreted to mean any party deems such information as "Confidential" for purposes of establishing any claims or counterclaims at issue in this Matter.

17. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to Confidential Information shall be subject to the provisions of this Order. To the extent that certain laws and/or rules concerning the disclosure of non-public personally identifying information apply to the materials disclosed in this Matter, including but not limited to the Gramm Leach Bliley Act, 15 U.S.C. § 6802(e)(8) and Health Insurance Portability and Accountability Act of 1996 ("HIPAA" (Pub. L. 104–191, 110 Stat. 1936, enacted August 21, 1996), such disclosure is permissible under, and may only occur, pursuant to the terms of this Order.

18. Within ninety (90) days after conclusion of this Matter and any appeal thereof, any document and all reproductions of documents produced by a party, in the possession of any of the Qualified Persons, shall, upon request, be returned to the producing party, or, in lieu thereof, the Qualified Persons shall certify in writing that such "Confidential" materials have been destroyed, except that counsel may retain documents reflecting any work product, copies of court filings, and official transcripts and exhibits, provided said retained documents and the "confidential" information contained therein will continue to be treated as provided in this Order. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this Matter, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were submitted to the Court *in camera*, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

19. Nothing in this Order will limit any of the parties from sharing Confidential Information with law enforcement agencies and personnel, and/or third-parties, to the extent necessary to cooperate in any criminal investigations.

20. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Order and shall

be responsible upon breach of such duty for the failure of any such person to observe the terms of this Order.

21. This Order shall operate as a binding agreement between the parties prior to, and in the absence of, the Court's approval and signature.

22. This Order will continue in effect after termination of this Matter and continue to be binding on all persons to whom Confidential Materials were disclosed. To the extent permitted by law, the Court will retain jurisdiction to enforce, modify, or reconsider this Order, even after the Matter is terminated.

SIGNED AND ENTERED this _____ day of _____, 2019.

                                              THE HON. MICHAELA ALVAREZ
                                              United States District Judge

AGREED AS TO FORM AND SUBSTANCE on the 6th day of June, 2019.

Respectfully submitted,

*/s/ Douglas B. Welmaker*
Douglas B. Welmaker
Texas Bar No. 00788641
MORELAND VERRETT, PC
2901 Bee Cave Rd, Box L
Austin, Texas 78746
Telephone: (512) 782-0567
Fax: (512) 782-0605
doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**

*/s/ Charles T. Jeremiah*
Charles T. Jeremiah
SD Bar No. 15222
HOLLAND & KNIGHT, LLP
1100 Louisiana Street, Suite 4300
Houston, TX 77002
Telephone: (713) 821-7000
Fax: (713) 821-7001
charles.jeremiah@hklaw.com

Kara M. Ariail (*pro hac vice*)
Kevin M. D'Olivo (*pro hac vice*)
HOLLAND & KNIGHT, LLP
1650 Tysons Boulevard, Suite 1700
Tysons, Virginia 22102
Telephone: (703) 720-8600
Fax: (703) 720-8610
kara.ariail@hklaw.com
kevin.dolivo@hklaw.com

**ATTORNEYS FOR DEFENDANTS**

# EXHIBIT A

## CERTIFICATE OF COMPLIANCE

Protected information, in whole or in part, and the information contained therein which has been produced by the parties to this action pursuant to the attached Protective Order has been disclosed to me, and by signing this Certificate of Compliance, I acknowledge and agree that I have read, understand, and am subject to the provisions of the Protective Order and will not disclose such protected information in whole or in part or in any form or the information contained therein to any person, corporation, partnership, firm, governmental agency or association other than those listed in Paragraph 2(e) of the Protective Order.

Date: _____   _____
                                                              Signature

                                                              Name: _____
                                                                        (print)