United States District Court
Southern District Of Texas
**FILED**
DEC 11 2019
David J. Bradley, Clerk

United States District Court
Southern District of Texas
**ENTERED**
December 12, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JORGE CABEZAS § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. 7:19-CV-00027 |
| VS. § | |
| § | |
| BRAVURA INFORMATION § | |
| TECHNOLOGY SYSTEMS, INC., and § | |
| CLAUDINE ADAMS § | |
| § | |
| Defendants. § | |

## ORDER GRANTING APPROVAL OF SETTLEMENT

Pending before the Court is a Joint Motion for Approval of FLSA Settlement and Dismissal with Prejudice. (Dkt. No. 23). After reviewing the pleadings, the parties' settlement agreement, and the applicable law, the Court **GRANTS** the motion and **APPROVES** the settlement agreement (Dkt. No. 23-1) as filed.

### I. THE SETTLEMENT AGREEMENT

FLSA claims can only be compromised or settled when (1) supervised by the Department of Labor or (2) approved by a district court.[1] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Where a defendant offers a plaintiff full compensation for their FLSA claim, no "compromise" is involved, and judicial approval is unnecessary. *See Mackenzie v. Kindred Hospitals East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003). The settlement in this case involves a compromise of disputed FLSA claims. Therefore, judicial approval is necessary.

"In order to approve a settlement of FLSA claims, the Court must determine: 1) whether a bona fide dispute exists between the parties; 2) whether the settlement agreement is a fair and

---

[1] The parties have consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c).

1 / 7

reasonable resolution of the dispute; and 3) whether the requested attorney's fees are fair and reasonable." *Shaw v. CAS, Inc.*, No. 5:17-CV-142, 2018 WL 3621050, at *1 (S.D. Tex. Jan. 31, 2018).

### A. Bona Fide Dispute

Normally, the FLSA prohibits any private agreement altering an employee's minimum wage and minimum overtime payment. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1232 (M.D. Fla. 2010). The FLSA allows parties to reach "private compromises as to FLSA claims" in circumstances "where there is a bona fide dispute as to the amount of hours worked or compensation due." *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005); *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 161 (5th Cir. 2015) (citing *Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247 (5th Cir. 2012)) ("[A] private settlement reached over a bona fide dispute regarding Fair Labor Standards Act ('FLSA') claims [is] enforceable . . . .").

The parties agree that there is a bona fide dispute over whether Plaintiff was an "executive" and therefore exempt from the FLSA. (Dkt. No. 23 at 3; Dkt. No. 23-1 at 1). "The Executive Exemption exempts from the FLSA's overtime requirements 'any employee employed in a bona fide executive . . . capacity.'" *Allen v. Coil Tubing Servs., L.L.C.*, 846 F. Supp. 2d 678, 706 (S.D. Tex. 2012) (citing 29 U.S.C. § 213(a)(1)).

The Court finds that there is a bona fide dispute between the parties that allows compromise as to Plaintiff's FLSA claim.

### B. Fair and Reasonable Resolution

FLSA settlements may be approved by the court if the settlement is fair and reasonable. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 350, 1353 (11th Cir. 1982). After

reviewing the settlement agreement, the Court finds that the terms of the settlement are fair and reasonable.

### C. Attorneys' Fees

Pursuant to the settlement agreement, Plaintiff's attorneys (Moreland Verrett, PC) are to recover a total of $11,596.99 covering both attorneys' fees and costs. (Dkt. No. 23-1 at 2). In the motion for approval, the parties report that Moreland Verrett expended 52 hours in "attorney and paralegal time" and incurred $24,347.50 in attorneys' fees and $1,596.99 in costs. (Dkt. No. 23 at 6). Moreland Verrett has agreed to accept a lower recovery of attorneys' fees to harmonize its incurred fees with the 40% contingency fee arrangement made with Plaintiff. (*Id.*). Moreland Verrett would recover $10,000 in fees and $1,596.99 in costs.

Courts use a two-step process to determine whether the amount of attorneys' fees is "reasonable." *See Combs v. City of Huntington*, 829 F.3d 388, 391-92 (5th Cir. 2016). First, the Court calculates the "lodestar fee." *Id.* The lodestar fee is calculated by multiplying the "number of hours reasonably expended" on litigation by "the prevailing hourly rate in the community for similar work." *Id.* The Court should exclude hours from this calculation that are "excessive, duplicative, or inadequately documented." *Id.* The relevant community is the community in which the court sits. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The lodestar fee is presumed reasonable. *Perdue*, 559 U.S. at 553.

Second, the Court reviews the lodestar fee in light of the twelve *Johnson* factors, which are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) the fee arrangement, including whether the fee is fixed or

contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

Plaintiff has not submitted supporting documentation for the reported amount of attorneys' fees or costs. Those seeking a reasonable attorneys' fee "have the burden of showing the reasonableness of the hours billed and that the attorneys exercised billing judgment." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013); *Santinac v. Worldwide Labor Support of Illinois, Inc.*, No. 1:15CV25-LG-RHW, 2017 WL 1098828, at *4 (S.D. Miss. Mar. 23, 2017). However, the attorneys have, at least, outlined their billable hours in the motion for approval, and the Court has no reason to doubt the veracity of these amounts as reported by officers of the court. It is reported that Douglas B. Welmaker worked 48.10 hours at $475 an hour (totaling $22,847.50), Daniel Verrett worked 3.70 hours at $400 an hour (totaling $1,480.00), and Andy Barrett worked .20 hours at $100 an hour (totaling $20.00). In total, 52 hours between the three.

The Court finds that the total number of hours is reasonable, although the Court is unable to make a more accurate assessment because counsel has not submitted billing records. For example, counsel generally represents that the 52 hours comprised "attorney and paralegal" hours worked. Paralegal work can only be recovered as attorneys' fees if the work is legal, not clerical. *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982) (paralegal work is recoverable only "to the extent that the paralegal performs work traditionally done by an attorney"). The hours would need to be reduced if records show that any paralegal time accounted for involved clerical work, rather than legal work. However, counsel has already

contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

Plaintiff has not submitted supporting documentation for the reported amount of attorneys' fees or costs. Those seeking a reasonable attorneys' fee "have the burden of showing the reasonableness of the hours billed and that the attorneys exercised billing judgment." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013); *Santinac v. Worldwide Labor Support of Illinois, Inc.*, No. 1:15CV25-LG-RHW, 2017 WL 1098828, at *4 (S.D. Miss. Mar. 23, 2017). However, the attorneys have, at least, outlined their billable hours in the motion for approval, and the Court has no reason to doubt the veracity of these amounts as reported by officers of the court. It is reported that Douglas B. Welmaker worked 48.10 hours at $475 an hour (totaling $22,847.50), Daniel Verrett worked 3.70 hours at $400 an hour (totaling $1,480.00), and Andy Barrett worked .20 hours at $100 an hour (totaling $20.00). In total, 52 hours between the three.

The Court finds that the total number of hours is reasonable, although the Court is unable to make a more accurate assessment because counsel has not submitted billing records. For example, counsel generally represents that the 52 hours comprised "attorney and paralegal" hours worked. Paralegal work can only be recovered as attorneys' fees if the work is legal, not clerical. *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982) (paralegal work is recoverable only "to the extent that the paralegal performs work traditionally done by an attorney"). The hours would need to be reduced if records show that any paralegal time accounted for involved clerical work, rather than legal work. However, counsel has already

exercised billing judgment by agreeing to substantially reduce the fees recovered. In light of this fact, the Court finds a scrutinizing review of counsel's billing records unnecessary. The Court also notes that this is not a common fund case, in which the interests of the attorneys on this matter would conflict with the interests of the plaintiff class, and thus warrant greater scrutiny.[2]

The Court turns to the hourly rate. Douglas B. Welmaker worked the majority of hours at $475 an hour, while Daniel Verrett charged $400 an hour. At these rates, the lodestar is $24,347.50 as reported in the motion for approval. Counsel has submitted no support to show that these rates are customary for this type of work in the community where the Court sits. The Court notes that the customary fees in the McAllen Division are lower than those to be expected in Austin, where Plaintiff's counsel is based. A court "is itself an expert" on the issue of fees and "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to value." *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940); *Matter of TMT Trailer Ferry, Inc.*, 577 F.2d 1296, 1304 (5th Cir. 1978) (courts themselves are experts as to the reasonableness of attorneys' fees). The undersigned finds the $475 an hour and $400 an hour rates to be somewhat high, but the Court takes note of other cases in which Mr. Douglas B. Welmaker has charged from $400 to $425 an hour. *See Murphy v. ABA Ranch, LLC*, No. 4:17-CV-00215, 2019 WL 4080618, at *2 (E.D. Tex. Aug. 29, 2019) (finding $425 to be a reasonable hourly rate in Sherman, Texas); *Meesook v. Grey Canyon Family Med., P.A.*, No. 5:13-CV-729-XR, 2014 WL 5040133, at *3–4 (W.D. Tex. Oct. 8, 2014) (finding $400 to be a reasonable hourly rate in San Antonio, Texas).

---

[2] In common fund settlement cases the courts "must carefully scrutinize the attorneys' fees award . . . because the interests of the attorneys conflict with those of the class," and it is the "independent duty" of the court "to review the fee request in the interests of protecting the class." *Klein v. O'Neal, Inc.*, 705 F. Supp. 2d 632, 673 (N.D. Tex. 2010).

To estimate using a conservative hourly rate for the McAllen area, for example, $250 an hour, would result in approximately $13,000 as the lodestar (52 x $250).[3] Comparison of the requested fee amount of $10,000 to a $13,000 lodestar supports that the requested fee is reasonable.

The Court is still required to evaluate the lodestar fee in light of the twelve *Johnson* factors. Counsel has already effectively agreed to adjust the lodestar by requesting $10,000 in fees. The Court will only stop to comment on two applicable *Johnson* factors.

1. *The Amount Involved and the Results Obtained*

The Fifth Circuit has held that "the most critical factor in determining an attorney's fee award is the degree of success obtained." *Black v. SettlePou, P.C.*, 732 F.3d 492, 503 (5th Cir. 2013). The parties represent that Plaintiff identified damages of $30,464.30 in his discovery disclosures. (Dkt. No. 23 at 5). Defendants maintain that Plaintiff was adequately compensated by his salary as an executive employee and is not subject to the requirements of the FLSA. There was a possibility that Defendants would prevail on the merits. (*Id.* at 4). The settlement represents an award of $13,403.01 to Plaintiff. The Court finds that this is a satisfactory result for Plaintiff.

2. *Fee Arrangement*

The Court takes note of the assertion that counsel and client agreed to a 40% contingency fee. The reduced $10,000 amount correlates exactly with 40% of the total recovery. "The fee quoted to the client or the percentage of the recovery agreed to is helpful in demonstrating the attorney's fee expectations when he accepted the case." *Johnson v. Georgia Highway Exp., Inc.*,

---

[3] In 2016, the State Bar of Texas published a fact sheet of hourly rates reported for 2015. The median hourly rate for South Texas was $225. 2015 Hourly Fact Sheet at 8, State Bar of Texas Department of Research & Analysis (2016), https://www.texasbar.com/AM/Template.cfm?Section=Archives&Template=/CM/ContentDisplay.cfm&ContentID=34182.

488 F.2d 714, 718 (5th Cir. 1974) ("Such arrangements should not determine the court's decision. The criterion for the court is not what the parties agreed but what is reasonable."). The "attorney's private fee arrangement" is one factor of many and, while "not dispositive," may "aid in determining reasonableness." *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989).

The Court determines that the $11,596.99 amount to be awarded to Plaintiff's counsel ($10,000 in fees and $1,596.99 in costs) as outlined in the settlement agreed is fair and reasonable.

## II. CONCLUSION

The Court **GRANTS** the motion (Dkt. No. 23) and **APPROVES** the settlement agreement (Dkt. No. 23-1) as filed.

The Clerk of this Court shall send a copy of this Order to the parties.

DONE at McAllen, Texas this 11th day of December, 2019.

_____
J. SCOTT HACKER
United States Magistrate Judge